UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JUANETTA JONES,

    Plaintiff,

vs.                                               Case No.: 6:13-cv-1049-ORL-18-GJK

METROPOLITAN LIFE INSURANCE
COMPANY, d/b/a METLIFE, and

VERIZON COMMUNICATIONS, INC.,

    Defendants.

_____/

**COMPLAINT FOR STATUTORY PENALTIES AND
TO OBTAIN PREVIOUSLY REQUESTED DOCUMENT**

The Plaintiff, JUANETTA JONES ("Ms. Jones"), sues the Defendants, METROPOLITAN LIFE INSURANCE COMPANY, d/b/a METLIFE ("METLIFE") and VERIZON COMMUNICATIONS, INC. ("Verizon"), and states:

**JURISDICTION AND VENUE**

1.     This is an action to obtain a document, the ERISA Plan/contract of insurance, pursuant to 29 U.S.C. 1132(a)(1)(A), Section 502 of the Employment Retirement Income Security Act ("ERISA"). Ms. Jones also seeks statutory penalties of up to $110.00 per day pursuant to the same statutory section, and further seeks attorney fees and costs which she has incurred in pursuing this action pursuant to 29 U.S.C. § 1132(g).

1

2. At all times material to this action, Ms. Jones was a participant in an employee welfare benefit plan under the ERISA providing group disability insurance benefits.

3. Ms. Jones currently is a resident of the State of Florida with a home address in Palm Coast, Florida within the jurisdiction of this Honorable Court.

4. At all times material to this action, Defendant METLIFE was a foreign for profit corporation authorized to do business in the State of Florida and actively engaged in business throughout the Middle District of Florida.

5. At all times material to this action, Defendant Verizon was a foreign for profit corporation authorized to do business in the State of Florida and actively engaged in business throughout the Middle District of Florida.

6. At all times material to this action, Ms. Jones was an employee of Verizon and a beneficiary of the Verizon Long Term Disability Plan ["VEBC ERISA Plan"].

7. This Honorable Court has jurisdiction over this action pursuant to 29 U.S.C. § 1331 (Federal Question Jurisdiction), and pursuant to the ERISA, 29 U.S.C. §§ 1132(3)(1) and 1132(f).

8. Venue is proper in this district pursuant to 29 U.S.C. § 1132(3)(2) in that (1) the denial and refusal to supply the Verizon VEBC Plan/contract of insurance had an effect in this venue where Ms. Jones resides, and (2) the place where Ms. Jones would have received the information to which she was entitled to by statute had the Defendants METLIFE and Verizon complied with 29 U.S.C. § 1132 and supplied the VEBC ERISA Plan/contract of insurance to her upon her demand was within the Middle District of Florida.

## FACTUAL ALLEGATIONS

9. At all times material to this action, Defendant METLIFE was the VEBC ERISA Plan's claims and appeals administrator and an ERISA fiduciary charged by the express terms of the Summary Plan Description ["SPD"] with ". . . discretionary authority to determine claims and appeals for Plan benefits.".

10. At all times material to this action, Defendant Verizon and an ERISA fiduciary was the VEBC ERISA Plan sponsor, the VBEC ERISA Plan itself being a self-funded ERISA employee welfare plan.

11. At all times material to this action, Defendant Verison was the ERISA Plan administrator and an ERISA fiduciary using the following business address: The Verizon Employee Benefits Committee (VEBC), and/or The Chairperson of the VEBC, c/o Verizon Benefits Center, P.O. Box 1457, 100 Half Day Road, Lincolnshire, IL 60069-1457.

12. At all times material to this action, Defendant Verizon, was the functional or *de facto* fiduciary claims and appeals administrator with respect to Ms. Jones' second level appeal seeking disability benefits because: (a) it retained authority to provide to employees VEBC ERISA Plan documents; and/or (b) because Defendant METLIFE, the claims and appeals administrator of this ERISA plan, expressly delegated its fiduciary authority to Defendant Verizon to provide, upon request, the VEBC ERISA Plan document to Ms. Jones.

13. Ms. Jones is entitled by law, 29 U.S.C. § 1024(b), to a legible copy of the VEBC ERISA Plan which is relevant and necessary to the filing of any ERISA appeal which is governed by the terms of the VEBC ERISA Plan. Ingorvaia v. Reliastar Life Insurance Company,

2013 U.S. Dist. LEXIS 69960 (S.D. Ca. May 14, 2013), applying the holding of <u>U.S. Airways v. McCutchen et al.</u>, 133 S.Ct. 1537 (2013).

14. On March 19, 2013, Ms. Jones received a denial of her first level ERISA appeal from the ERISA claims and appeals administrator, METLIFE.

15. On or after March 19, 2013, Ms. Jones retained the undersigned counsel to prepare and to file a second level ERISA appeal with METLIFE, the claims and appeals administrator.

16. By certified letter of April 10, 2013, the undersigned counsel wrote to Defendant METLIFE initiating a second level appeal on behalf of Ms. Jones and, inter alia, requesting: (1) a complete copy of the ERISA administrative file; (2) a certified copy of the ERISA SPD; and (3) a certified copy of the ERISA plan [policy of insurance]. A copy of counsel's letter is attached and incorporated herein as **Composite Exhibit A.**

17. On April 19, 2013, the undersigned sent a letter to Defendant METLIFE requesting an enlargement of time in which to initiate the second level appeal [the appeal period to commence ". . . after receipt of the specified materials"]; the ERISA administrative file; a certified copy of the ERISA SPD; and a certified copy of the ERISA Plan/insurance contract. A copy of counsel's letter is attached and incorporated here as **Exhibit B.**

18. On April 19, 2013, the undersigned sent a letter to Defendant METLIFE again requesting that the appeal period not commence until METLIFE produces the requested ERISA administrative file; a certified copy of the ERISA SPD; and a certified copy of the ERISA Plan/insurance contract. A copy of counsel's letter is attached and incorporated herein as **Composite Exhibit C.**

19. METLIFE responded by letter of May 1, 2013, and submitted the ERISA administrative

file. A copy of METLIFE's letter is attached and incorporated herein as **Exhibit D.**

20. METLIFE responded by letter of May 6, 2013, stating that requests for "... copies of insurance contracts, summary plan descriptions and annual reports, should be directed to Verizon." A copy of METLIFE's letter is attached and incorporated herein as **Exhibit E.**

21. A FAX of May 10, 2013, from the undersigned attorney, informed METLIFE that the ERISA administrative file was received, but that METLIFE had not provided either the SPD or the ERISA policy of insurance, and stating "I am unable to commence my review of Ms. Jones' ERISA claim/appeal until after my receipt of these documents." A copy of this FAX is attached and incorporated herein as **Composite Exhibit F.**

22. Attached and incorporated herein as **Exhibit G** is a letter of May 21, 2013, from METLIFE to the undersigned attorney directing him to send his request for the SPD to Ms Jones' employer, Verizon Communications, in that it is the "Plan Administrator".

23. Attached and incorporated herein as **Composite Exhibit H** is a FAX of May 21, 2013, from the undersigned attorney to METLIFE again requesting the SPD and ERISA Plan policy of insurance, and suggesting that METLIFE review this matter with its attorneys.

24. Attached and incorporated herein as **Composite Exhibit I** is the undersigned attorney's FAX of May 22, 2013, to METLIFE requesting: (1) that time to initiate the second level ERISA appeal be enlarged to 60 days "... after I receive the summary plan description *and* the ERISA plan document" [emphasis in the original] and, (2) attaching two facially inconsistent letters from METLIFE to the undersigned attorney initially stating that METLIFE would provide both the SPD and the ERISA plan, and a second letter stating that METLIFE would provide the SPD, but not the ERISA plan which "... must be

secured the Plan Administrator", Verizon Communications.

25. Attached and incorporated herein as **Exhibit J** is METLIFE's cover letter which attached the SPD.

26. Attached and incorporated herein as **Exhibit K** is a certified letter from the undersigned attorney to The Verizon Employee Benefits Committee (VEBC) requesting a copy of the ERISA plan, and suggesting: "Respectfully, you should review this matter with your attorneys."

27. Attached and incorporated herein as **Exhibit L** is the SPD.

28. The VEBC ERISA Plan/contract of insurance has not been received from either METLIFE or from Verizon at any time prior to the filing of the instant complaint.

29. Ms. Jones has satisfied her burden to exhaust all administrative remedies prior to the filing of the instant complaint.

30. All conditions precedent to the filing of this lawsuit have been satisfied or waived.

## COUNT I - METLIFE

31. Averments 1 through 30 are incorporated by reference in this Count as though they had been specifically pled herein.

32. Counsel's certified letter of April 10, 2013, was received by Defendant METLIFE on April 15, 2013, which demanded from METLIFE a certified copy of the VEBC ERISA Plan/contract of insurance. See, **Composite Exhibit A**.

33. The VEBC ERISA Plan, contract of insurance is relevant and necessary to Ms. Jones in order to prepare and to file a second level appeal with METLIFE, an ERISA fiduciary and the claims and appeals administrator of the VEBC ERISA Plan .

6

34. More than 30 days have passed since Ms. Jones' demand was made upon METLIFE.

35. METLIFE has not complied with Ms. Jones' demand for a certified copy of the VEBC ERISA plan.

WHEREFORE, Ms. Jones requests that METLIFE be found liable for violation of the ERISA law by failing to provide Ms. Jones with a certified copy of the VEBC ERISA Plan/insurance contract, and:

    a. Be assessed the maximum penalty prescribed by 29 U.S.C. § 1132( c),

    b. Be awarded reasonable attorney fees per 29 U.S.C. § 1132(g);

    c. Be awarded costs of suit;

    d. Be granted an enlargement of time in which to file her second level appeal, said time not to commence until after receipt of the VEBC ERISA Plan/contract of insurance from METLIFE;

    e. Any other relief under law or equity which this Honorable Court deems just and proper.

## COUNT II - VERIZON

36. Averments 1 through 30 are incorporated by reference in this Count as though they had been specifically pled here.

37. Counsel's certified letter of May 28, 2013, was received by Verizon on June 3, 2013, which demanded from METLIFE a certified copy of the VEBC ERISA Plan/contract of insurance. See, **Exhibit K**.

38. The VEBC ERISA Plan/contract of insurance is relevant and necessary to Ms. Jones in order to prepare and to file a second level appeal with METLIFE, an ERISA fiduciary and

the claims and appeals administrator of the VEBC ERISA Plan.

39. Verizon, an ERISA fiduciary, is the ERISA Plan administrator and Plan sponsor of the VEBC ERISA Plan.

40. Verizon as described in Averment 39 is charged with the responsibility under the ERISA to send a copy of the VEBC ERISA Plan to Ms. Jones upon her request.

41. Verizon is charged with the responsibility under the ERISA to send a copy of the VEBC ERISA Plan to Ms. Jones upon her request in that METLIFE, the VEBC ERISA Plan claims and appeals administrator, and an ERISA fiduciary, expressly delegated to Verizon, its fiduciary responsibility to Ms. Jones, to provide to Ms. Jones a copy of the VEBC ERISA Plan/contract of insurance, and that per said specific delegation, Verison was the functional or *de facto* claims and appeals administrator of this ERISA Plan, and thus responsible for furnishing a copy of the VEBC ERISA Plan/contract of insurance to Ms. Jones.

42. More than 30 days have passed since Ms. Jones' demanded a certified copy of the VEBC ERISA Plan from Verizon.

43. Verizon has not complied with Ms. Jones' demand for a certified copy of the VEBC ERISA Plan/contract of insurance.

WHEREFORE, Ms. Jones requests that Verizon be found liable for violation of the ERISA law by failing to provide Ms. Jones with a certified copy of the VEBC ERISA Plan/insurance contract, and:

    a. Be assessed the maximum penalty prescribed by 29 U.S.C. § 1132( c);

    b. Be awarded reasonable attorney fees per 29 U.S.C. § 1132(g);

c. Be awarded costs of suit;

d. Be granted an enlargement of time in which to file her second level appeal, said time not to commence until after receipt of the VEBC ERISA Plan/contract of insurance from Verizon;

e. Any other relief under law or equity which this Honorable Court deems just and proper.

Date: 07/08/2013

s/Nicholas E. Karatinos
Florida Bar No. 109742
Law Office of Nicholas E. Karatinos
18920 N. Dale Mabry Highway, Suite 102
Lutz, FL 33548
Tel:   813.345.5945
FAX:  812.949.0373
Nek1720@aol.com; karatinos@verizon.net
Counsel for the Plaintiff Juanetta Jones

s/Bonnie Ava Berns
Florida Bar No. 258611
Law Office of Bonnie Berns
1360 N. U.S. Highway 1, Suite 101
Ormond Beach, FL 32174
Tel:   386.672.4040
FAX:  386.672.4252
Bbernslawoffice@yahoo.com
Counsel for the Plaintiff Juanetta Jones