**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**JUANETTA JONES,**

    **Plaintiff,**

vs.                          Case No. 6:13-CV-1049-ORL-37-DAB

**METROPOLITAN LIFE INSURANCE**
**COMPANY, d/b/a METLIFE, and**

**VERIZON COMMUNICATIONS INC.,**

    **Defendants.**

_____/

## DEFENDANT, VERIZON COMMUNICATIONS INC.'S, ANSWER AND AFFIRMATIVE DEFENSES

Defendant, VERIZON COMMUNICATIONS INC. ("Defendant Verizon"), improperly named by Plaintiff as "VERIZON COMMUNICATIONS, INC.," in answer to Plaintiff's Complaint (Dkt. No. 1), and pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, hereby admits, denies, and asserts as follows:

### JURISDICTION AND VENUE

1. With respect to the allegations contained in paragraph 1 of the Complaint, Defendant Verizon admits that this is an action by Plaintiff under ERISA to obtain a document, in which Plaintiff also seeks statutory penalties, attorney's fees, and costs. Defendant Verizon denies liability.

2. Defendant Verizon is without knowledge sufficient to admit or deny the allegations contained in paragraph 2 of the Complaint.

3. With respect to the allegations contained in paragraph 3 of the Complaint, Defendant Verizon admits that the Court has personal jurisdiction over Plaintiff.

4. Defendant Verizon is without knowledge sufficient to admit or deny the allegations contained in paragraph 4 of the Complaint.

5. Defendant Verizon admits the allegations contained in paragraph 5 of the Complaint.

6. Defendant Verizon is without knowledge sufficient to admit or deny the allegations contained in paragraph 6 of the Complaint.

7. With respect to the allegations contained in paragraph 7 of the Complaint, Defendant Verizon admits the subject matter jurisdiction of the Court.

8. Defendant Verizon admits that venue is proper in the United States District Court for the Middle District of Florida, Orlando Division. Defendant Verizon denies all factual allegations contained in paragraph 8 of the Complaint.

## FACTUAL ALLEGATIONS

9. Defendant Verizon admits that Defendant METROPOLITAN LIFE INSURANCE COMPANY d/b/a METLIFE ("Defendant MetLife") currently is the claims and appeals administrator for the Verizon Long Term Disability Plan for Mid-Atlantic Associates ("LTD Plan"). Defendant Verizon admits that Defendant MetLife has discretionary authority to determine claims and appeals for LTD Plan benefits. Defendant Verizon is without knowledge sufficient to admit or deny the remaining factual allegations contained in paragraph 9 of the Complaint.

10. Defendant Verizon admits that the LTD plan is a self-funded employee welfare benefit plan, and that it is the plan sponsor for the LTD plan. Defendant Verizon is without knowledge sufficient to admit or deny the remaining factual allegations contained in paragraph 10 of the Complaint.

11. Defendant Verizon denies the allegations contained in paragraph 11 of the Complaint.

12. Defendant Verizon denies the allegations contained in paragraph 12 of the Complaint.

13. Defendant Verizon denies the allegations contained in paragraph 13 of the Complaint.

14. Defendant Verizon is without knowledge sufficient to admit or deny the factual allegations contained in paragraph 14 of the Complaint.

15. Defendant Verizon is without knowledge sufficient to admit or deny the factual allegations contained in paragraph 15 of the Complaint.

16. Defendant Verizon is without knowledge sufficient to admit or deny the factual allegations contained in paragraph 16 of the Complaint.

17. Defendant Verizon is without knowledge sufficient to admit or deny the factual allegations contained in paragraph 17 of the Complaint.

18. Defendant Verizon is without knowledge sufficient to admit or deny the factual allegations contained in paragraph 18 of the Complaint.

19. Defendant Verizon is without knowledge sufficient to admit or deny the factual allegations contained in paragraph 19 of the Complaint.

20. Defendant Verizon is without knowledge sufficient to admit or deny the factual allegations contained in paragraph 20 of the Complaint.

21. Defendant Verizon is without knowledge sufficient to admit or deny the factual allegations contained in paragraph 21 of the Complaint.

22. Defendant Verizon is without knowledge sufficient to admit or deny the factual allegations contained in paragraph 22 of the Complaint.

23. Defendant Verizon is without knowledge sufficient to admit or deny the factual allegations contained in paragraph 23 of the Complaint.

24. Defendant Verizon is without knowledge sufficient to admit or deny the factual allegations contained in paragraph 24 of the Complaint.

25. Defendant Verizon is without knowledge sufficient to admit or deny the factual allegations contained in paragraph 25 of the Complaint.

26. Defendant Verizon is without knowledge sufficient to admit or deny the factual allegations contained in paragraph 26 of the Complaint.

27. Defendant Verizon admits that the document attached as Exhibit L to the Complaint is the Summary Plan Description for the Verizon Sickness and Accident Disability Benefit Plan for Mid-Atlantic Associates, and the LTD Plan, as of January 2001. Defendant Verizon denies any other factual implication which could be drawn from paragraph 27 of the Complaint.

28. Defendant Verizon is without knowledge sufficient to admit or deny the factual allegations contained in paragraph 28 of the Complaint.

29. Defendant Verizon denies the allegations contained in paragraph 29 of the Complaint.

30. Defendant Verizon denies the allegations contained in paragraph 30 of the Complaint.

## COUNT I—METLIFE

31-35. The allegations of Count I (Paragraphs 31 – 35) do not attempt to state a claim against Defendant Verizon. Defendant Verizon otherwise denies the allegations contained in paragraphs 31 through 35 of the Complaint.

## COUNT II—VERIZON

36. Defendant Verizon restates its answers to paragraphs 1 through 35 of the Complaint.

37. Defendant Verizon is without knowledge sufficient to admit or deny the factual allegations contained in paragraph 37 of the Complaint.

38. Defendant Verizon is without knowledge sufficient to admit or deny the factual allegations contained in paragraph 38 of the Complaint.

39. Defendant Verizon admits that it is the plan sponsor of the LTD Plan, and that, as the LTD plan sponsor, it has the duties imposed on plan sponsors by ERISA. Defendant Verizon denies the remaining allegations contained in paragraph 39 of the Complaint.

40. Defendant Verizon denies the allegations contained in paragraph 40 of the Complaint.

41. Defendant Verizon denies the allegations contained in paragraph 41 of the Complaint.

42. Defendant Verizon denies the allegations contained in paragraph 42 of the Complaint.

43. Defendant Verizon denies the allegations contained in paragraph 43 of the Complaint, denies Plaintiff's entitlement to the relief set forth in the "WHEREFORE" clause that follows paragraph 43 of the Complaint, and denies that Plaintiff has been damaged by the acts of Defendant Verizon in any manner or amount.

## GENERAL DENIAL

Defendant Verizon hereby denies each and every allegation not expressly admitted in the foregoing Answer.

## DEFENDANT VERIZON'S AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff has failed to exhaust administrative remedies under the employee welfare benefit plan at issue.

### THIRD DEFENSE

Plaintiff has received the document for which she is suing, making her claim for relief moot, and/or not an active case or controversy.

## FOURTH DEFENSE

Plaintiff has failed to mitigate any damages she allegedly suffered.

## FIFTH DEFENSE

Plaintiff's claim against Defendant Verizon is frivolous, unreasonable, and groundless and, accordingly, Defendant Verizon should recover all costs and attorney's fees occurred in defending against the claim.

## SIXTH DEFENSE

Defendant Verizon is not a proper party to the instant action.

## SEVENTH DEFENSE

To the extent Plaintiff seeks remedies not provided for under ERISA, such relief is not recoverable in this action.

## EIGHTH DEFENSE

At all times material, Defendant Verizon acted in good faith.

WHEREFORE, having answered the Complaint, Defendant, VERIZON COMMUNICATIONS INC., prays that the same be dismissed with prejudice and that Defendant Verizon be awarded (i) its costs incurred herein; (ii) reasonable attorney's fees; (iii) and such other and further relief as the Court finds just and proper.

Dated this  22nd  day of August, 2013.

                Respectfully submitted,

                *s/ Gregory A. Hearing*
                GREGORY A. HEARING
                Florida Bar No.: 817790
                SACHA DYSON
                Florida Bar No.: 509191
                THOMPSON, SIZEMORE, GONZALEZ
                & HEARING, P.A.
                201 N. Franklin Street, Suite 1600
                Post Office Box 639 (33601)
                Tampa, Florida, 33602
                Tel:  (813) 273-0050
                Fax:  (813) 273-0072
                Attorneys for Defendant Verizon Communications, Inc.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this  22nd  day of August, 2013, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:  Nicholas E. Karatinos, Esq., and Bonnie A. Berns, Esq., counsel for Plaintiff; and Stephanie A. Segalini, counsel for Defendant Metropolitan Life Insurance Company.

                *s/ Gregory A. Hearing*
                Attorney